UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TARA TAYLOR, on behalf of
herself and all other similarly
situated

CIVIL ACTION NO. 6:17-cv-01359

VERSUS

UNASSIGNED DISTRICT JUDGE

COTY, INC., ET AL.

MAGISTRATE JUDGE HANNA

## MEMORANDUM  RULING

Pending before the court is the motion to transfer this case to the United States

District Court for the Southern District of Alabama, Southern Division, which was

filed by the defendants, Coty, Inc., The Procter & Gamble Company, Inc., The Procter

& Gamble Manufacturing Company, Inc., The Procter & Gamble Distributing,

L.L.C., and Procter & Gamble Hair Care, L.L.C.  (Rec. Doc. 3).  The motion is

unopposed.  (Rec. Doc. 3-1 at 6).  Considering the evidence, the law, and the

arguments of the parties, and for the reasons fully explained below, the motion is

GRANTED, and this case be transferred to the United States District Court for the

Southern District of Alabama, Southern Division.

## Background

This is a class action lawsuit, in which the plaintiff seeks to certify a class of

similarly-situated individuals, and in which she has asserted claims against the

defendants for damages alleged to have resulted from the use of Clairol Balsam Color

hair dyeing kits.  In December 2016, a virtually identical class action lawsuit was filed in the United States District Court for the Southern District of Alabama, Southern Division, styled *Jones v. Coty, Inc., et al*., Civil Action No. 1:16-cv-622-WS-B. (Rec. Doc. 303).  In February 2017, another virtually identical class action lawsuit was filed in the United States District Court for the Northern District of Alabama, Western Division, styled *Caddell, et al. v. Coty, Inc., et al*., Civil Action No. 7:17-cv-322-LSC.  (Rec. Doc 3-4).  In March 2017, another virtually identical class action lawsuit was filed in the United States District Court for the Middle District of Alabama, Northern Division, styled *Bowens v. Coty, Inc., et al*., Civil Action No. 2:17-cv-118-WLW.  (Rec. Doc. 3-5).  In May 2017, another virtually identical class action lawsuit was filed in the United States District Court for the Southern District of Mississippi, Southern Division, styled *Franks v. Coty, Inc., et al.*, Civil Action No. 1:17-cv-159-HSO-JCG.  (Rec. Doc. 3-6).  The *Caddell* suit, the *Bowens* suit, and the *Franks* suit were all transferred to the United States District Court for the Southern District of Alabama, Southern Division.  (Rec. Docs. 3-7, 3-8, 3-9).  The suits were then consolidated.  (Rec. Docs. 3-10, 3-11, 3-12).

In October 2017, the class action complaint that initiated this lawsuit was filed. At that time, the other suits had already been filed, and *Caddell*, *Bowens*, and *Franks* had already been transferred to the Southern District of Alabama, Southern Division

and consolidated with *Jones*.  The complaint filed in this lawsuit is virtually identical to the complaint filed in the *Jones*, *Caddell*, *Bowens*, and *Franks* cases.  All of the complaints name a putative class of "[a]ll persons in the United States or its territories who, within the relevant and applicable statute of limitations period, purchased Clairol Balsam Color (*also labeled as 'The Balsam Color Kit'*) that contained p-Phenylenediamine." (Rec. Doc. 1 at 29).  The same defendants were named in all five of the lawsuits, and the factual allegations and legal claims in all five of the cases are either identically or substantially overlap.  In support of their motion for transfer, the defendants represented that the same counsel actually represent the plaintiffs in all of the lawsuits, although they have not yet been enrolled *pro hac vice* in this suit. (Rec. Doc. 3-1 at 2, n. 1).  In the pending motion, the defendants seek the transfer of this case to the United States District Court for the Southern District of Alabama, Southern Division, on the basis that the other cases already pending in Alabama involve substantially similar issues as the present case and were filed before the present action was initiated.

## Analysis

The defendants seek transfer of this action under the "first-to-file" rule, a discretionary doctrine grounded in principles of comity and sound judicial

administration.[1]  Under this rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[2]  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[3]  To forestall these potential problems, a district court may transfer an action to another judicial district in which an earlier-filed action presenting similar issues is pending.[4] The goal is to avoid duplicative litigation in federal courts.[5]  "In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide whether it will try the case."[6]

For the first-to-file rule to apply, neither the issues nor the parties must be identical.[7]  Rather, transfer is warranted when there is "substantial overlap" between

---

[1]      *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999).

[2]      *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d at 603.

[3]      *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

[4]      *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 729.

[5]      *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 728.

[6]      *Dillard v. Merrill Lynch, Pierce, Fenner and Smith, Inc*., 961 F.2d, 1148, 1161 n. 28 (5th Cir. 1992) (quoting *909 Corp. V. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex.1990)).

[7]      *Save Power Ltd. v. Syntek Finance Corp*., 121 F.3d 947, 950 (5th Cir. 1997).

-4-

the two cases.[8]  Substantial overlap exists when the core issues are the same or much of the evidence adduced would likely be identical.[9]

Here, the *Jones* case was the first of this group of five cases to be filed, and there is substantial overlap between that lawsuit, the other three cases currently pending in Alabama, and this one.  In all of the suits, the court will be called upon to determine the same core issue, i.e., whether users of Clairol hair dye were damaged by that product.  Accordingly, this Court finds that there is substantial overlap between this case and the referenced earlier-filed lawsuits, such that it would be appropriate to transfer this case to the United States District Court for the Southern District of Alabama, Southern Division.  Additionally, the defendants represented that the plaintiff in this case has no objection to the requested transfer.  For those reasons,

IT IS ORDERED that the defendants' unopposed motion (Rec. Doc. 3) is GRANTED, and that the Clerk of Court transfer this matter to the United States District Court for the Southern District of Alabama, Southern Division.

---

[8]      *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d at 950.

[9]      *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011).

Signed at Lafayette, Louisiana on this 7th  day of February 2018.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE